A09A1480. ATHENS-CLARKE COUNTY BOARD OF TAX ASSESSORS v. NUCI PHILLIPS MEMORIAL FOUNDATION, INC.
(686 SE2d 371)

SMITH, Presiding Judge.

The Athens-Clarke County Board of Tax Assessors appeals from the trial court's order granting exemption from ad valorem taxation to the Nuci Phillips Memorial Foundation, Inc. under OCGA § 48-5-41. For the reasons set forth below, we reverse.

OCGA § 48-5-41 (a) (4) provides that "[a]ll institutions of purely public charity" are "exempt from all ad valorem property taxes in this state." In *York Rite &c. v. Bd. of Equalization &c.*, 261 Ga. 558 (408 SE2d 699) (1991), the Georgia Supreme Court clarified the factors that must be present for an organization to qualify as an institution of "purely public charity" under this Code section. "First, the owner must be an institution devoted entirely to charitable pursuits; second, the charitable pursuits of the owner must be for the benefit of the public; and third, the use of the property must be exclusively devoted to those charitable pursuits." Id. at 558 (2).

In addition to fulfilling the three requirements of *York Rite*, supra, an organization seeking an ad valorem exemption under subsection (a) (4) must also fulfill the requirements of OCGA § 48-5-41 (d) (2). This subsection provides:

> With respect to paragraph (4) of subsection (a) of this Code section, a building which is owned by a charitable institution that is otherwise qualified as a purely public charity and that is exempt from taxation under Section 501 (c) (3) of the federal Internal Revenue Code *and which building is used by such charitable institution exclusively for the charitable purposes of such charitable institution*, and not more than 15 acres of land on which such building is located, may be used for the purpose of securing income so long as such

income is used exclusively for the operation of that charitable institution.

(Emphasis supplied.) Id.

In its appeal, the board contends the foundation does not qualify for exemption under these provisions because it cannot fulfill the three requirements of *York Rite*, supra, and because it did not use its building "exclusively for the charitable purposes of such charitable institution" as required by subsection (d) (2) of OCGA § 48-5-41.[1] In support of its argument, the board points to undisputed record evidence demonstrating that the foundation rented space to individuals hosting birthday parties and wedding receptions. The foundation also rented rehearsal space. Based upon this undisputed evidence, the foundation cannot demonstrate that its property was "*exclusively* devoted to conduct that benefits the public by furthering the charitable pursuits of its owner." (Emphasis supplied.) *York Rite*, supra, 261 Ga. at 559 (2) (c). See *Cobb County Bd. of Tax Assessors v. Marietta Educational Garden Center*, 239 Ga. App. 740, 743-745 (2) (521 SE2d 892) (1999) (periodic rental of facility owned by nonprofit for a fee precluded application of ad valorem exemption under OCGA § 48-5-41 (a) (4) even though rental money used only to offset operations and maintenance expenses). An organization does not dispense purely public charity when a person obtains its services by paying a fee. *Cobb County*, supra, 239 Ga. App. at 745. We must conclude, therefore, that the trial court clearly erred by granting an ad valorem exemption to the Foundation.

We recognize that the foundation is a nonprofit organization that provides a valuable benefit to those whom it serves, but

> it must be remembered that the mere facts that the owner is a non-profit institution, that its charter declares it to be a charitable institution, and that the institution serves a benevolent purpose do not necessarily lead to the conclusion that the institution is exempted from ad valorem taxation by OCGA § 48-5-41 (a) (4). [Cit.]

*York Rite*, supra, 261 Ga. at 558-559 (2) (a).

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED NOVEMBER 4, 2009 

*William C. Berryman, Jr., Amy S. Gellins*, for appellant.

---

[1] We note that this portion of OCGA § 48-5-41 (d) (2) tracks the third part of the test in *York Rite*, supra, for a "purely public charity."

*Timmons, Warnes & Anderson, James C. Warnes II*, for appellee.